1

2

3

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MCU CLOCKING SOLUTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ATMEL CORPORATION, <br> Defendant. | Case No. 5:15-cv-02212-PSG |
| MCU CLOCKING SOLUTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> FREESCALE SEMICONDUCTOR, INC., <br><br> Defendant. | Case No. 5:15-cv-02213-PSG |
| MCU CLOCKING SOLUTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> MICROCHIP TECHNOLOGY, INC., <br><br> Defendant. | Case No. 5:15-cv-02546-PSG |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, MCU Clocking Solutions, Inc. ("Plaintiff" or "MCU"), Freescale Semiconductor, Inc. ("Freescale"), Microchip Technology Inc. ("Microchip"), and Atmel Corporation ("Atmel") (Microchip, Freescale, and Atmel collectively referred to as "Defendants" and all parties collectively referred to as "the Parties") propose the following Stipulated Protective Order ("Protective Order"). **IT IS HEREBY ORDERED THAT:**

1. **PURPOSES AND LIMITATIONS**

    1.1.    The Parties recognize that documents and information sought, produced, and/or

disclosed by the Parties in this matter or by third parties may contain confidential, proprietary, and/or commercially-sensitive information for which special protection from public disclosure and from use for any purpose other than prosecuting this action would be warranted.

1.2.    This Protective Order is intended to expedite the flow of discovery material, to facilitate prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure only materials entitled to such confidentiality are subject to confidential treatment, and to ensure the Parties are permitted reasonably necessary use of such materials in preparation for and during trial.

1.3.    The Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles.  Any confidentiality designation pursuant to this Protective Order shall be made by the designating party reasonably and in the good faith belief that such designation is no more than necessary to protect the designating party's competitive business interests and preventing public disclosure of its confidential, proprietary and/or commercially-sensitive information.

1.4.    Any Protected Material (as defined below) that is provided subject to the restrictions of this Protective Order may be used only for the purposes of prosecuting, defending or attempting to settle these actions, and not for any other purpose, including for the assertion of other patents in other actions.  This Protective Order does not confer any right to any one Defendant to access the Protected Material of any other Defendant, nor may Plaintiff share any Defendant's Protected Material with any other Defendant absent further Court order or express written permission (including through email) from the Party, or its counsel, who produced the

material.

2.   **DEFINITIONS**

2.1   "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things of a technical, financial, proprietary or other commercially-sensitive nature that the Designating Party (i) would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence, (ii) believes in good faith is significantly sensitive, or (iii) protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.

2.2   Counsel (without qualifier): Outside Counsel or In-House Counsel and all support staff thereof.

2.3   Designating Party: A Party or non-party that designates information or items that it produces in Disclosure or Discovery Material as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.4   Expert: A person who has been retained by a Party or its Counsel to serve as an expert witness or as a consulting expert in this action and who is not a current officer, director, or employee of a Party or of a competitor of a Party and who, at the time of retention, does not anticipate becoming an officer, director or employee of a Party or of a competitor of a Party. Nothing in this order purports to change the requirements for offering testimony under Fed. R. Evid. 703, or to define the term "expert" for purposes other than those addressed in this Protective Order.

2.5   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: "CONFIDENTIAL" Information (as defined in 2.1 above) that the Designating Party

believes in good faith is highly confidential or commercially sensitive in nature and has significant competitive value such that unrestricted disclosure to another Party or non-party would create a substantial risk of serious injury to the competitive position of the Producing Party, and such that it needs to be given a higher level of protection than "CONFIDENTIAL".

2.6    "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items representing computer code and associated comments and revision histories that define or otherwise describe in detail the algorithms or structure of software or hardware designs, or other materials quoting or containing the Designating Party's source code.  The term "SOURCE CODE information" includes, without limitation, RTL, HDL, microcode, source or object code or similarly sensitive software code, GDSII (and similar formats), and photomasks that the Designating Party believes in good faith is not generally known to others and has significant competitive value such that unrestricted disclosure to another Party or non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.7    In-House Counsel: Attorneys who are employees of a Party, and support staff of those employees, including independent contractors who provide assistance on an exclusive basis to one of more of the attorneys.

2.8    Outside Counsel: Attorneys of record (and their support staff) who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.9    Party: Any Party to this action, including all of its officers, directors, and employees, and all support staff thereof.

2.10    Producing Party: A Party or non-party that discloses or produces Disclosure or Discovery Material in this action.

2.11    <u>Professional Vendors:</u> Persons or entities that provide litigation support services *(e.g.,* photocopying; videotaping; translating; electronically stored information (ESI) consulting or document management; preparing exhibits or demonstrations; document management; jury consulting; mock trial coordination) and their employees and subcontractors (including, but not limited to, mock jurors).

2.12    <u>Protected Material:</u> Any discovery material that is designated as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL – SOURCE CODE" as provided for in this Order.

2.13    <u>Receiving Party:</u> A Party that receives any discovery material from a Producing Party in this action.

3.    **SCOPE**

3.1    The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted from Protected Material, as well as copies, excerpts, summaries, or compilations thereof, and testimony, conversations, or presentations by a Party or Counsel to or in court or in other settings that might reveal Protected Material.

4.    **DURATION**

4.1    Following the termination of this action, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees or a court order directs otherwise.

4.2    This Protective Order shall be binding upon the Parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, experts, consultants,

and all other persons or organizations over which the Parties have control.

5.     **DESIGNATING PROTECTED MATERIAL**

5.1     <u>Manner and Timing of Designations</u>: Except as otherwise provided in this Protective Order or as otherwise stipulated or ordered, material that a Designating Party believes in good faith qualifies for protection under this Protective Order must be so designated before the material is disclosed or produced. Designation in conformity with this Protective Order shall be made as follows:

(a)     <u>For Information in documentary (including "electronically stored information")</u> form (apart from transcripts of depositions or other pretrial or trial proceedings) the Designating Party shall affix the legend "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL – SOURCE CODE" conspicuously on each page that contains Protected Material.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied or produced. Before and during the inspection, all material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must, within five (5) business days of the inspection, determine which documents, or portions thereof, qualify for protection under this Order and, before producing the specified documents, the Producing Party must affix the appropriate legend to each page that contains Protected Material.

(b)     <u>For testimony given in deposition or in other pretrial or trial proceedings</u> the Designating Party shall specify any portions of the testimony that it wishes to designate no

later than 30 calendar days after the final transcript of the deposition or other proceeding has been received.  For deposition transcripts, the Party or non-party may identify that portion of a transcript that it believes in good faith qualifies for protection under this Order as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL - SOURCE CODE."  When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded), that the entire transcript shall be treated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY". All deposition transcripts not designated during the deposition will nonetheless be treated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" until the time within which it may be appropriately designated as provided for herein has passed. Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material. In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties." Counsel for any Designating Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is

not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

(c)     For information produced in some form other than documentary, and for any other tangible items, the Designating Party shall affix, in a prominent place on the exterior of the medium, container or containers in which the information or item is stored, the appropriate legend.

5.2     Inadvertent Failure to Designate Properly: An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon discovery of an inadvertent failure to designate, a Producing Party may notify the Receiving Party in writing that the material is to be designated. Upon receipt of such notice, the Receiving Party must make reasonable efforts to assure that the material is thereafter treated in accordance with the provisions of this Order. The Designating Party shall provide substitute copies of documents bearing the confidentiality designation. Upon receiving substitute copies, the Receiving Parties shall return or securely destroy, at the Designating Party's option, all material that was not designated properly.

6.     **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     Timing of Challenges: A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer: A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by identifying, in writing, the documents or information that the challenging Party contends should

be differently designated, and the basis for its belief that the confidentiality designation is improper. The Designating Party shall, within seven (7) calendar days after receiving such written notice, advise the challenging party, in writing, of the basis for its designation or re-designation. Within seven (7) calendar days thereafter, the parties shall meet and confer directly in good faith to resolve the matter.

6.3     Judicial Intervention: A Party that elects to challenge a confidentiality designation after considering the justification offered by the Designating Party (as described in the preceding section) may, within ten (10) calendar days of the parties' meet and confer, seek the Court's assistance in resolving the dispute in accordance with the Court's discovery dispute procedures. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.     **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     Procedures for Disclosure and Review of Material Designated "HIGHLY CONFIDENTIAL – SOURCE CODE." Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" (as defined in Section 2.6) shall be subject to additional protections given the particularly sensitive nature of the information.

(a)     Unless otherwise advised by the Producing Party, material designated "HIGHLY CONFIDENTIAL – SOURCE CODE" will be made available for review, at the Producing Party's sole discretion at the following:

(i)     At the location where the SOURCE CODE information is kept in the ordinary course of business; or,

(ii)     At a secure room in a secure facility selected by the Producing Party; or,

(iii)     Via a remotely accessible secured computer; or

(iv)   At any location mutually agreed to by Plaintiff and the Producing Party.

(b)   Upon reasonable notice by the Receiving Party of no less than five (5) business days, all Information or Items designated "HIGHLY CONFIDENTIAL - SOURCE CODE" will be made available for review between 9:00 am and 5:00 pm, and any other time that is reasonable under the circumstances, by the Producing Party to the Receiving Party's Experts who have been approved to access information under Sections 7.4-7.5, in a secured room on a secured non-networked computer, at the locations stated above, as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal, or other transfer of any information outside or away from the computer on which the information is provided for inspection (the "Computer").   Receiving Party's Outside Counsel also may participate in any such review by the Receiving Party's Experts.   To the extent review of SOURCE CODE information is reasonably necessary for trial, the Parties shall negotiate in good faith, during the pre-trial phase of these cases, procedures for the use and handling of SOURCE CODE information during trial.  The Producing Party shall install reasonable tools or programs on the Computer to allow the Receiving Party to review and search the SOURCE CODE information if such tools exist and are presently used in the ordinary course of the Producing Party's business. If the Receiving Party requires additional program(s) or review tool(s) or any particular type of program or review tool in addition to the reasonable tools or programs provided by the Producing Party, the Requesting Party shall provide (at the Receiving Party's cost) a licensed copy of the additional program(s) or review tool(s) to the Producing Party reasonably in advance of the inspection.

(c)   The Receiving Party's Outside Counsel and Experts shall be entitled to

take notes relating to the SOURCE CODE information, but may not copy portions of the Source Code information into such notes.  No loose paper or other paper that can be used in a printer may be brought into the secure room.  Such notes shall be subject to the provisions of section (h) below. No copies of all or any portion of the SOURCE CODE information may leave the room in which the information is inspected unless otherwise provided herein. Furthermore, no other written or electronic record of the SOURCE CODE information is permitted except as otherwise provided herein.  The Receiving Party's Outside Counsel and Experts shall not be permitted to bring any networked device or any device containing a camera or scanner into the room in which the SOURCE CODE information is produced, absent written permission (which may be through email) from the Producing Party.

(d)      The Producing Party shall make available a printer with commercially reasonable printing speeds for on-site printing during inspection of the SOURCE CODE information, or in the alternative at the Producing Party's discretion, provide a mechanism by which the Receiving Party may designate certain portions of the information for production by the Producing Party.  Source Code may only be printed on watermarked pre-Bates numbered paper provided by the Producing Party.  The Receiving Party may print or designate such portions only when necessary to prepare any filing with the Court or to serve any pleadings or other papers on any other Party (including a testifying expert's expert report). The Receiving Party shall print or designate for production only such portions as are reasonably necessary for the purposes for which any part of the SOURCE CODE information is printed or designated for production at the time, but shall not request paper copies for the purpose of reviewing SOURCE CODE information in the first instance (*i.e.*, an "offline" review).  In no event may the Receiving Party print or designate for production any contiguous block of SOURCE CODE

information that results in more than 30 consecutive pages.  In addition, no more than 750 pages of total source code (not including copies of original printouts), whichever is less, may be printed.  No additional copies of the SOURCE CODE information shall be provided by the Producing Party.  Should the Receiving Party require, for good cause, additional copies, the Producing Parties shall consider a request for additional copies in good faith.  The Receiving party may also seek the production of additional copies by leave of court.  Printed copies of the SOURCE CODE information may not be converted into an electronic document, and may not be scanned using optical character recognition ("OCR") technology.  All SOURCE CODE information printouts must include (1) the paths and filenames from which the SOURCE CODE information was printed and (2) line numbers.

Upon printing any such portions of SOURCE CODE information, the printed pages shall be collected by the Producing Party. Within seven (7) business days of being notified that such original printouts have been made or any request for production by the Receiving Party, the Producing Party shall either (i) send one copy set of such pages to the Receiving Party, for next day business delivery, or (ii) inform the Receiving Party that it objects that the printed or designated portions are excessive and/or not done for a permitted purpose. If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, either party shall be entitled to seek Court intervention to resolve the dispute.

(e)     A list of names of Outside Counsel and Experts who will view the SOURCE CODE information will be provided to the Producing Party in conjunction with any written (including email) notice requesting inspection, and in no event later than five (5) business days in advance of such inspection. The Receiving Party in cooperation with the Producing Party shall maintain a daily log of the names of persons who enter the locked room to view the

SOURCE CODE information and when they enter and depart. The Producing Party shall be entitled to have a person observe from a distance the activities of the Receiving Party's representatives during any such review, but only to ensure that such activities are permitted under this Order, and to receive a copy of the log. The Producing Party shall not, however, be allowed to monitor the conduct of the Receiving Party in such a manner as to obtain information that would otherwise be protected from disclosure by the Receiving Party's claim of attorney-client privilege, the work product immunity, or any other privilege, doctrine, right, or immunity.

(f)     Unless otherwise agreed in advance by the Parties in writing, following each inspection, the Receiving Party's Outside Counsel and Experts shall remove all notes, documents, and all other materials from the review room. The Producing Party shall not be responsible for any items left in the room during or following each inspection session.

(g)     Other than as provided in section (d) above, the Receiving Party's Outside Counsel and Experts shall not copy, remove, or otherwise transfer any information from the Source Code Computer including, without limitation, copying, removing, or transferring the information onto any other computers, peripheral equipment, storage devices, or storage media. The Receiving Party's Outside Counsel and Experts will not transmit any SOURCE CODE information in any way from the Producing Party's facilities or the offices of its Outside Counsel of record.  The Receiving Party's Outside Counsel and Experts are prohibited from bringing outside electronic devices, including but not limited to laptops, floppy drives, zip drives, or other hardware into the secure room. Nor shall any cellular telephones, personal digital assistants (PDAs), Blackberries, cameras, voice recorders, Dictaphones, external or portable telephone jacks or other outside electronic devices be permitted inside the secure room, except for medical devices, implants, or equipment reasonably necessary for any legitimate medical reason.  The

PROTECTIVE ORDER
5:15-cv-02212, -02213, -02546

Producing Party may monitor the Receiving Party's representatives to ensure compliance with this Protective Order and may require Receiving Party's them to sign a log tracking time in and time out of the Source Code Room.

(h)     The Outside Counsel and Experts (who have been approved to access information under Sections 7.4-7.5) for a Receiving Party shall maintain and store any paper copies of the SOURCE CODE information or notes related to such SOURCE CODE information (as referenced in section (c) above) in a locked room or storage container when not being actively reviewed or otherwise being transferred as permitted by this Order.

(i)     The Receiving Party may make no more than three (3) additional paper copies of any portions of the SOURCE CODE information printed or designated for production pursuant to Section 7.2(c), not including copies attached to court filings, copies used at depositions, or copies made by Outside Counsel for the purposes of drafts, etc. The Receiving Party shall maintain a log of all copies of the information (received from a Producing Party) that are provided by the Receiving Party to any qualified person under Section 7.4(b). The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored. Any paper copies of information shall be designated "HIGHLY CONFIDENTIAL - SOURCE CODE" and shall be stored or viewed only at (i) the offices of Outside Counsel for the Receiving Party, (ii) the offices of Experts who have been approved to access information under Section 7.5, (iii) the site where any deposition is taken, (iv) the Court, or (v) any intermediate location necessary to transport the information to a hearing, trial, or deposition. Any such paper copies shall be maintained at all times in a locked and secure location. Should the Receiving Party require additional copies, it shall request permission to make such copies from the Producing Party, who will consider the request in good faith.  The Producing Party shall be

PROTECTIVE ORDER
5:15-cv-02212, -02213, -02546

entitled to a copy of the log upon request, but the Producing Party may only request such a log one time per month and at the conclusion of the litigation. If the Producing Party believes in good faith that there has been access to SOURCE CODE information not in compliance with this Order, the Parties shall meet and confer to address and resolve the concern. If, after meeting and conferring the Parties cannot resolve the concern, the Producing Party shall be entitled to seek a Court resolution of whether there has been access to SOURCE CODE information not in compliance with this Order.

(j)     The Receiving Party may include excerpts of SOURCE CODE information in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of SOURCE CODE information. The Receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the information is used. To the extent portions of information are quoted from SOURCE CODE information, either (i) the entire document will be stamped HIGHLY CONFIDENTIAL – SOURCE CODE, or (ii) those pages containing quoted information will be separately bound, and stamped as HIGHLY CONFIDENTIAL – SOURCE CODE. All SOURCE CODE shall be filed under seal.  Copies of SOURCE CODE information that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

(k)     All paper copies of documents containing SOURCE CODE information shall be securely destroyed if they are no longer necessary in the litigation (*e.g.*, extra copies at the conclusion of a deposition).

7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may

disclose any information or item designated "CONFIDENTIAL" only to:

(a)     The Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel to whom disclosure is reasonably necessary to conduct this action;

(b)     Two (2) officers, directors, employees, or consultants, whether full or part time (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary to conduct this action, who have provided a signed copy of the "Acknowledgement and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A) to the Designating Party;

(c)     Experts (as defined in Section 2.4, above) of the Receiving Party to whom disclosure is reasonably necessary to conduct this action and who have signed the "Acknowledgement and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A) and for which no unresolved objections to such disclosure exist after compliance with the requirements set out in Section 7.5 below.

(d)     The Court and its personnel;

(e)     Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the Parties, and his or her staff, who have signed the "Acknowledgement and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A);

(f)     Court reporters and videographers employed in connection with this case;

(g)     Professional Vendors to whom disclosure is reasonably necessary to conduct this action and a representative of which has signed the "Acknowledgement and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A), provided, however, that copy vendors (such as Parcels, Inc.) shall not be required to sign Exhibit A;

(h)     Persons who appear on the face of the Protected Material as an author,

addressee, or recipient of the document or have prior knowledge of the Protected Material as established through testimony;

(i)    During deposition and/or at trial, current employees of the Producing Party that produced the documents or information, provided that such employees may not retain copies of Protected Material unless permitted by other provisions of this Order; and

(j)    Any other person with the prior written consent of the Producing Party.

7.3    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u> <u>Information or Items</u>: A Producing Party may designate information as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if the Producing Party reasonably and in good faith believes that the information is highly confidential or commercially sensitive in nature and has significant competitive value such that unrestricted disclosure to a Party or non-party would create a substantial risk of serious harm to the Producing Party, such that it should be given a higher level of protection than "CONFIDENTIAL" information.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" only to:

(a)    The Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel to whom disclosure is reasonably necessary to conduct this action;

(b)    Experts (as defined in Section 2.4, above) of the Receiving Party to whom disclosure is reasonably necessary to conduct this action and who have signed the "Acknowledgement and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A) and for which no unresolved objections to such disclosure exist after compliance with the requirements set out in Section 7.5 below.

(c)    The Court and its personnel;

(d)    Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the Parties, and his or her staff, who have signed the "Acknowledgement and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A);

(e)    Court reporters and videographers employed in connection with this case;

(f)    Professional Vendors, except for jury consultants and mock jurors, to whom disclosure is reasonably necessary to conduct this action and a representative of which has signed the "Acknowledgement and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A), provided, however, that copy vendors (such as Parcels, Inc.) shall not be required to sign Exhibit A;

(g)    Persons who appear on the face of the Protected Material as an author, addressee, or recipient of the document or have prior knowledge of the Protected Material as established through testimony; and

(h)    During depositions, current employees of the Producing Party that produced the documents or information. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Information must be separately bound by the court reporters and may not be disclosed to anyone except as permitted under this Order.

(i)    Any other person with the prior written consent of the Producing Party.

7.4    Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – SOURCE CODE" in accordance with the provisions of Section 7.1 of this Order and only to:

(a)    The Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel to whom disclosure is reasonably necessary to conduct this

action (by executing this Order, Outside Counsel acknowledges the obligation on behalf of all employees of Outside Counsel to abide by the terms and conditions of the Order, and will make appropriate disclosure of these terms and conditions to all employees who will have access to information pursuant to the Order);

(b)   Experts (as defined in Section 2.4, above) of the Receiving Party to whom disclosure is reasonably necessary to conduct this action and who have signed the "Acknowledgement and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A) and for which no unresolved objections to such disclosure exist after compliance with the requirements set out in Section 7.5 below. Without the express prior written consent of the Defendant that produced the Protected Material, no expert or consultant retained by a Defendant in this matter shall have access to "HIGHLY CONFIDENTIAL – SOURCE CODE" material produced by another Defendant in this matter;

(c)   The Court and its personnel;

(d)   Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the Parties, and his or her staff, who have signed the "Acknowledgement and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A);

(e)   Court reporters and videographers employed in connection with this case;

(f)   Persons who appear on the face of the Protected Material as an author, addressee, or recipient of the document or have prior knowledge of the Protected Material as established through testimony; and

(g)   During depositions, current employees of the Producing Party that produced the documents or information. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Information must be separately bound by the court reporters and may not be disclosed to anyone except as permitted under this Order.

(h)    Any other person with the prior written consent of the Producing Party.

7.5    Procedures for Approving Disclosure of Protected Material to Experts:

(a)    A Party that seeks to disclose to an Expert any information or item that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" first must notify, in writing (including via email), the Designating Party of its intent to make such a disclosure. The notification shall include a copy of the Expert's current *curriculum vitae* and must identify:

(i)    The full name and business address of the Expert;

(ii)    The Expert's current employer(s);

(iii)    The Expert's previous employer(s) for the preceding four (4) years;

(iv)    Each person or entity from whom the Expert has received compensation for work in his/her area of expertise or to whom the expert has provided professional services in his/her area of expertise at any time during the preceding four (4) years, and a brief description of the subject matter of the work;

(iv)    The Expert's qualifications, including a list of publications authored or co-authored by the Expert in the last 10 years;

(v)    Any legal action (by name and number of the case, filing date, and court) in connection with which the Expert has provided any professional services in his/her area of expertise during the preceding four (4) years, including an indication of whether the Expert was deposed or provided trial testimony in each such legal action;; and

(vi)    Any previous or current contractual relationship with any of the Parties.

The Party that seeks to make such disclosure to an expert of any information or item that has been designated Protected Material need not identify to the Designating Party said information or item to be disclosed, except that the Party must expressly disclose whether

SOURCE CODE information is to be disclosed to a proffered Expert.  Confidential employment or consulting relationships of an Expert may be disclosed as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information under the terms of this Order.

(b)     A Party that provides the notice described in the preceding section (7.5(a)) may disclose the subject Protected Material to the identified Expert unless, within seven (7) days of receipt of the notice, the Party receives an objection to the disclosure, in writing (including via email), from the Designating Party. Any such objection must be for good cause and must set forth in detail the grounds on which it is based. In the absence of an objection at the end of the seven (7) day period, the Expert shall be deemed approved under this Protective Order.

(d)     A Party that receives a timely written objection as described in the preceding section must meet and confer with the Designating Party to try to resolve the matter by agreement within seven (7) days following the objection. Only if no agreement is reached after the meet and confer, the Party seeking disclosure may seek the Court's assistance in accordance with the Court's procedures for resolving discovery disputes within seven (7) days from the date of the meet and confer. In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving by a preponderance of the evidence that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to the specific designated Expert.

8.     **FILING PROTECTED MATERIAL**

8.1     All Protected Material must be filed under seal in accordance with the provisions of the United States District Court for the District of Delaware's Revised Administrative Procedures Governing Filing and Service by Electronic Means.

9.     **USE OF PROTECTED MATERIAL AT COURT HEARINGS OR PROCEEDINGS**

9.1     The use of Protected Material at any Court hearing or proceeding shall be as

directed by the Court.

9.2     In the event that any material designated as Protected Material is used in any Court hearing or proceeding, the Party proffering the Protected Material may request that the Court close the courtroom, but the decision of whether to do so rests with the judge presiding at the hearing or proceeding.

10.     **FINAL DISPOSITION**

10.1     Unless otherwise ordered or agreed in writing by the Producing Party, within thirty (30) days after the final termination of this action, including all appeals (or thirty (30) days after the time to appeal has lapsed), each Receiving Party must destroy or return, at the Producing Party's request, all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the Protected Material. The Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the thirty (30) day deadline.

10.2     Notwithstanding the preceding section, Counsel for Defendants are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, expert reports, correspondence, or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

11.     **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

11.1     If a Receiving Party is served with a subpoena or an order issued in other action that would compel disclosure of any Protected Material, the Receiving Party must so notify the Designating Party, in writing immediately so that the Designating Party has an opportunity to object to the disclosure of Protected Material. Such notification must include a copy of the

subpoena or court order.

11.2    The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other action that some or all the material covered by the subpoena or order is the subject of this Order.

11.3    The purpose of imposing this duty is to afford the Designating Party in this action an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burden of seeking protection of its confidential material in that court.

11.4    Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

11.5    By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another Party's information designated "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

**12.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

12.1    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately: (a) notify the Designating Party, in writing (which may be through email), of the unauthorized disclosure(s); (b) use its best efforts to retrieve all copies of the Protected Material; (c) inform the person(s) to whom unauthorized disclosures were made of

all the terms of this Order; and (d) request that such person(s) execute the "Acknowledgement and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A).  "Immediately" as used herein shall mean as soon as possible, but in no event, longer than two (2) business days.

### 13.    PROSECUTION BAR

Absent written consent from the Producing Party, any counsel representing or experts working for Plaintiff who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - SOURCE CODE" information shall not participate, directly or indirectly, in the prosecution, or strategic decisions relating to prosecution, of any patent or patent application anywhere in the world (including, without limitation, originally filed applications, provisionals, non-provisionals, continuations, divisions, continuations-in-part, reexaminations, inter partes reviews, post-grant reviews, or reissues), relating to the subject matter of this action.  For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising as to, or otherwise affecting the scope or maintenance of patent claims.  To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party in any proceeding before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* review), in which the validity of a patent is challenged, subject to the proscriptions listed above.  This prohibition shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual. This prohibition shall extend from the time of receipt of such information through and including two (2) years following the entry of a final non-appealable judgment or order or the complete settlement of all claims against the Party or Parties whose information was received or reviewed.

### 14.    MISCELLANEOUS

14.1    <u>Protective Order Not Applicable</u>:  None of the provisions of this Protective Order

shall apply to the following categories of information that:

(a)     is now or subsequently becomes generally available to the public through no fault or breach on the part of the Receiving Party, its counsel, representatives, or Experts;

(b)     the Receiving Party can demonstrate to have had rightfully in its possession prior to its production herein or can demonstrate to have been independently developed by the Receiving Party - without use or benefit of the information;

(c)     the Receiving Party rightfully obtains after the time of disclosure hereunder from a non-party having the right to disclose the same to the Receiving Party without limitation; or

(d)     the Producing Party produced, disclosed, or provided to the Receiving Party without an obligation of confidentiality and not by inadvertence or mistake.

14.2     <u>Right to Further Relief:</u> Nothing in this Order abridges the right of any person to seek further or additional protection of any Disclosure or Discovery Material or to seek modification of the Order by the Court in the future.

14.3     <u>Right to Assert Other Objections</u>: By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

14.4     <u>No Restriction on Advising Client:</u> Nothing in this Order shall be construed to prevent Counsel from advising their respective clients regarding these cases, even if Counsel must rely on Protected Information in formulating such advice, as long as the Patent Prosecution Bar is not violated and no Protected Information is disclosed in violation of this Order.

14.5     <u>Limitation on Discovery from Experts</u>: Absent good cause, drafts of expert reports are not discoverable. Additionally, communications between an Expert (as defined in Section 2.5)

and a Party's Counsel are not discoverable except as provided in Rule 26(b)(4)(C) of the Federal Rules of Civil Procedure. Reports and materials exempt from discovery under this section shall be treated as attorney work product for the purposes of this case and Protective Order.

14.6   Production by Non-Parties: Non-parties from whom documents are requested in this litigation, whether voluntarily or by subpoena, may (i) designate any documents or information they produce, as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to the same extent and in the same manner as the parties to this litigation matter, and such documents or information shall be treated by the parties to this litigation matter in the same manner as documents or information so designated by a party; and (ii) intervene in this litigation matter to enforce the provisions of this Order as if they were a party.

15.   **INADVERTENT PRODUCTION OF PRIVILEGED DOCUMENTS**

15.1   If any Party produces any Disclosure or Discovery Material information that it believes is immune from discovery pursuant to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity, the Producing Party may give written notice to the Receiving Party that such Disclosure and Discovery Material is deemed privileged and that return of such Disclosure and Discovery Material is requested. Upon receipt of such written notice, the Receiving Party shall immediately gather the original and all copies of such Disclosure and Discovery Material of which the Receiving Party is aware and shall immediately return the original and all such copies to the Producing Party. The return of such Disclosure and Discovery Material to the Producing Party shall not preclude the Receiving Party from later moving the Court to compel production of the returned Disclosure and Discovery Material on the basis that any privilege applicable thereto has been waived. However, the production of privileged or otherwise protected Disclosure or Discovery Material in this case, whether inadvertent or

1   otherwise, shall not be deemed – and the Parties expressly waive their rights to argue otherwise –

2   to constitute a waiver of any privilege or protection in this case or in any other federal or state

3   proceeding that otherwise would adhere to the Disclosure or Discovery Material information.

4   This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of

5   Evidence 502(d).

6

7   15.2    In the event that a Receiving Party discovers an inadvertent production of material

8   subject to a claim of privilege or other protection, that Receiving Party shall promptly notify the

9   Producing Party in writing of same.  After being notified, a party must promptly return, sequester,

10  or destroy the specified information and any copies it has; must not use or disclose the

11  information until the claim is resolved; must take reasonable steps to retrieve the information if

12  the party disclosed it before being notified; and may promptly present the information to the

13  Court under seal for a determination of the claim.   The Producing Party must preserve the

14

15  information until the claim is resolved.

16          SO ORDERED THIS day of ___20 July_____, 2015.

17

18                                                    _Paul S. Grewal_____

19                                                    Hon. Paul S. Grewal
                                                      United States Magistrate Judge

20

21

22

23

24

25

26

27

28

PROTECTIVE ORDER
5:15-cv-02212, -02213, -02546

1  Dated: July 20, 2015                    Respectfully submitted,

2                                          By:  */s/ Edward C. Flynn*

3                                          Edward C. Flynn (*pro hac vice*)
                                           Vasilios E. Sanios (*pro hac vice*)
4                                          eflynn@cohengrace.com
                                           vsanios@cohengrace.com
5                                          COHEN & GRACE, LLC
                                           105 Braunlich Dr., Suite 300
6                                          Pittsburgh, PA  15237
                                           Telephone:  (412) 847-0300
7                                          Facsimile:   (412) 847-0304

8
                                           Christopher D. Banys (State Bar No. 230038)
9                                          Jennifer L. Gilbert (State Bar No. 255820)
                                           Christopher J. Judge (State Bar No. 274418)
10                                         cdb@banyspc.com
                                           cjj@banyspc.com
11                                         jlg@banyspc.com
                                           BANYS, P.C.
12                                         1032 Elwell Court, Suite 100
                                           Palo Alto, CA  94303
13                                         Telephone:  (650) 308-8505
                                           Facsimile:   (650) 353-2202
14
15                                         Philip E. Levy (*pro hac vice*)
                                           John P. Powers (*pro hac vice*)
16                                         Lorrie Cherillo Jansen (*pro hac vice*)
                                           ECKERT SEAMANS CHERIN & MELLOTT, LLC
17                                         600 Grant St., 44th Floor
                                           Pittsburgh, PA  15219
18                                         Telephone:  (412) 566-6000
                                           Facsimile:   (412) 566-6099
19                                         **Attorneys for Plaintiff**
                                           **MCU CLOCKING SOLUTIONS, INC.**
20
21
22                                         By:  */s/ Ahren C. Hsu-Hoffman*
23
                                           Michael Lyons (State Bar No. 202284)
24                                         Ahren C. Hsu-Hoffman (State Bar No. 250469)
                                           Walter Scott Tester (State Bar No. 287228)
25                                         mlyons@morganlewis.com
                                           ahsu-hoffman@morganlewis.com
26                                         stester@morganlewis.com
                                           MORGAN, LEWIS, & BOCKIUS LLP
27                                         2 Palo Alto Square
                                           3000 El Camino Real, Suite 700
28

PROTECTIVE ORDER
                                           5:15-cv-02212, -02213, -02546

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Palo Alto, CA 94306
Tel: (650) 843-4000
Facsimile: (650) 843-4001
**Attorneys for Defendant**
**ATMEL CORPORATION**


By: _/s/ Thomas W. Ritchie_

Patrick T. Michael (State Bar No. 169745)
pmichael@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:     +1.415.626.3939
Facsimile:     +1.415.875.5700

David L. Witcoff (*pro hac vice*)
Timothy J. Heverin (*pro hac vice*)
Thomas W. Ritchie (*pro hac vice*)
dlwitcoff@jonesday.com
tjheverin@jonesday.com
twritchie@jonesday.com
JONES DAY
77 W. Wacker Dr.
Chicago, IL 60601.1692
Telephone:     +1.312.782.3939
Facsimile:     +1.312.782.8585
**Attorneys for Defendant**
**FREESCALE SEMICONDUCTOR, INC.**


By: _/s/ Brian C. Banner_

Ryan R. Smith (State Bar No. 229323)
rsmith@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304-1050
Tel:  (650) 493-9300
Facsimile:  (650) 565-5100

Brian C. Banner (*pro hac vice*)
Bruce W. Slayden , II (*pro hac vice*)
bbanner@sgb-ip.com
bslayden@sgb-ip.com
SLAYDEN GRUBERT BEARD PLLC
823 Congress Avenue, Suite 525
Austin, TX 78701
Tel: (512) 402-3550
Facsimile: (512) 402-6865

**Attorneys for Defendant**
**MICROCHIP TECHNOLOGY, INC.**

1

2

SIGNATURE ATTESTATION

3

     Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that concurrence in the filing of this

4

document has been obtained from each of the signatories identified above by a conformed

5

signature (/s/).

6

Dated:  July 20, 2015            */s/ Thomas W. Ritchie*

7

                                 */s/ Ahren C. Hsu-Hoffman*

8

                                 */s/ Brian C. Banner*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **EXHIBIT A**

2
3

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY
STIPULATED PROTECTIVE ORDER

4

I, _____[*print or type full name*], of _____

5

_____ [*print or type full address*], declare under penalty of perjury

6

that I have read in its entirety and understand the Stipulated Protective Order that was issued by

7

the United States District Court for the Northern District of California on _____ [**date**] in the

8
9

cases of *MCU Clocking Solutions, Inc. v. Atmel Corporation*, Case No. 5:15-cv-02212-PSG,

10

*MCU Clocking Solutions, Inc. v. Freescale Semiconductor, Inc.*, Case No. 5:15-cv-02213-PSG,

11

and *MCU Clocking Solutions, Inc. v. Microchip Technology, Inc.* Case No. 5:15-cv-02546-PSG.

12

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I

13

understand and acknowledge that failure to so comply could expose me to sanctions and

14

punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

15
16

any information or item that is subject to this Stipulated Protective Order to any person or entity

17

except in strict compliance with the provisions of this Order.

18

I further agree to submit to the jurisdiction of the United States District Court for the

19

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

20

Order, even if such enforcement proceedings occur after termination of this Action.

21
22

Date: _____

23

City and State where sworn and signed: _____

24
25

Printed name: _____

26

Signature: _____

27
28

PROTECTIVE ORDER
5:15-cv-02212, -02213, -02546